**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WARREN CHASE,
<u>Plaintiff-Appellee,</u>

v.

HOWARD GRANT, Captain; SERGEANT
JONES; E. NUTH, Warden; JOSEPH
WILSON, Assistant Warden;
SERGEANT BROWN; MAARUFU AULU,
Lieutenant; ROBERT CHAMBERS,
Captain; LINDA COCLOUGH, Sergeant;
BRIAN J. PRICE, Corporal; HERMAN
TOLBERT, Corporal; STEPHEN HARLEE,
Sergeant; JAMES DUNCAN, Sergeant;
SHERMAN STEPHENS, Corporal;
FRANCES DIX, Corporal; ENESS

BROWN, Sergeant; BERNARD JONES,
Sergeant; JAMES W. WEST,
Lieutenant; JANICE MCNEIL, Officer;
TIMOTHY WOODRUM, Corporal;
WILLIAM LEWIS, Sergeant; C.
ATKINS, Sergeant; J. DOE MILHOUS,
Officer; OFFICER NELSON; S. LEE,
Captain; ROBERT L. HICKS, Officer;
OFFICER DAVIS; OFFICER MOORE;
JOSEPH HENNEBERRY, Director;
ARCHIE C. GEE; HENRY J. RICHARDS,
Assistant Director; IRVING BERMAN,
M.D.; RANDALL NERO, Ph.D.; SUSAN
COZZOLINO,
<u>Defendants-Appellants.</u>

No. 99-7484

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-1287-CCB)

Argued: April 3, 2000

Decided: May 16, 2000

Before MICHAEL and TRAXLER, Circuit Judges,
and Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephanie Judith Lane-Weber, Assistant Attorney General, Baltimore, Maryland, for Appellants. Joel Peter Williams, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, Maryland, for Appellants. John L. Wood, NILES, BARTON & WILMER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Warren Chase, an inmate in the Maryland Correctional Adjustment Center ("MCAC"), filed this action against various prison officials, asserting, <u>inter alia</u>, that the Defendants violated his constitutional right to be free from cruel and unusual punishment. The Defendants filed a motion for summary judgment, which the district court granted in part and denied in part. The Defendants appeal from that portion

of the district court's order refusing to grant them summary judgment on their claims of qualified immunity.[1]  We remand to the district court for an analysis of the qualified immunity defense as required by Wilson v. Layne, 526 U.S. 603 (1999).

I.

MCAC is a "supermaximum" facility used to house the most dangerous and disruptive prisoners. MCAC's operating procedures provide for the use of "isolation confinement" as a last resort for prisoners whose behavior threatens other inmates, prison staff, or prison property. At the time Chase's complaints arose, MCAC had two areas for isolation confinement--the "pink room" and the "cadre" cells. The pink room, the use of which has since been discontinued, had steel walls, a cement floor, no running water, and no bed or other furnishings. The toilet consisted of a grate over a hole in the floor, with the flushing mechanism controlled from outside the cell. The cadre cells contained a bed of sorts (a cement pad without a mattress), a toilet, sink, and window.

The counts of Chase's complaint relevant to this appeal relate primarily to instances where Chase was confined in the pink room or in a cadre cell under circumstances that Chase contends violated his Eighth Amendment rights. Specifically, Chase complains about: (1) an incident where he was placed in a cadre cell for 72 hours, wearing only his underwear and confined by three-piece restraints, during which time the restraints were not removed and he was denied the right to bathe, brush his teeth, exercise, and to have a medical person examine the placement of his restraints; (2) an incident where he was again clad only in his underwear, put in three-piece restraints, and placed in a cadre cell for 24 hours, during which time the restraints were not removed and the cell was extremely cold because the window was left open; (3) an incident where he was confined in three-point restraints in the pink room for almost 24 hours, wearing only his underwear, during which time the restraints were not removed, he was denied access to medical treatment for the improper placement of the restraints, and the toilet grate and cell were covered with excrement

_____

[1] Chase has not appealed from the district court's granting of summary judgment against some of the claims asserted in his complaint.

from previous occupants; (4) an incident where, after being beaten by prison officials, Chase was placed in a cadre cell, in restraints and in his underwear, for 48 hours, after receiving only minimal medical attention; and (5) another incident where Chase was again beaten by prison officials before being placed in a cadre cell in restraints for more than 24 hours. Chase also asserted claims based upon other instances of the use of excessive force.

The Defendants contended that they were entitled to summary judgment on the grounds of qualified immunity. The entirety of the district court's order relating to qualified immunity states:

> While the use of three-point restraints and isolation cells in themselves have not been held to violate the Eighth Amendment, excessive or unnecessary use of restraints and isolation, particularly where accompanied by a lack of basic necessities such as sanitation, warmth, and food, may violate the constitution. In light of the fact-specific nature of the inquiry, and the many disputed facts involved in the remaining counts, the defendants are not entitled to qualified immunity.

J.A. 1366-67 (citation omitted).

II.

The Defendants contend that the district court erred by denying summary judgment on their qualified immunity defense. According to the Defendants, there is no case law establishing that the actions they took against Chase were improper. In fact, they contend that numerous unpublished decisions from other federal district courts in Maryland have held that the use of MCAC's pink room, cadre cells, and three-point restraints, in and of themselves, are insufficient to support an Eighth Amendment claim. We do not reach these issues, however, because we conclude that we must remand the case to the district court for an analysis of Chase's claims under the framework set forth in Wilson v. Layne, 526 U.S. 603 (1999).

In Layne, the Supreme Court explained that"[a] court evaluating a claim of qualified immunity must first determine whether the plain-

4

tiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Id. at 609 (internal quotation marks omitted). In this case, however, the district court neither identified the constitutional right or rights at issue, nor determined whether the right was clearly established. While the district court assumed that Chase alleged violations of the Eighth Amendment, the court did not analyze Chase's allegations to determine whether his version of the facts, if true, was sufficient to support his claim that his constitutional rights were violated. See, e.g. , Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) ("To prove a claim that prison officials violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements. First, he must satisfy a subjective requirement that the force used by the corrections officers inflicted unnecessary and wanton pain and suffering.. . . In addition . . . the inmate must also satisfy an objective requirement; he must show that correctional officers' actions, taken contextually, were objectively harmful enough to offend contemporary standards of decency." (internal quotation marks omitted)); Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) ("[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis."); Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993) ("[T]o ensure faithfulness to the Eighth Amendment's ban only of cruel and unusual punishments, . . . for prison conditions to rise to the level of unconstitutional punishment, there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition." (italics and internal quotation marks omitted)); Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991) ("A two-pronged showing is necessary to demonstrate a prima facie Eighth Amendment violation with respect to prison conditions: (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." (citation omitted)).

The defense of qualified immunity is designed to"permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)

5

(internal quotation marks and brackets omitted)). By simply concluding that there were disputed questions of fact as to the Defendants' claims of qualified immunity, without identifying what facts were in dispute and explaining how those disputed facts were relevant to its analysis of the Defendants' claim of qualified immunity, the district court's order effectively deprives the Defendants of one of the main purposes of the qualified immunity defense.

We therefore remand for an analysis under Wilson v. Layne. If, after analyzing Chase's isolation confinement and excessive force claims[2] under Layne, the district court concludes that there are genuine issues of material fact precluding summary judgment, the court shall recite in detail which facts are in dispute and shall explain the materiality of those disputes as to the qualified immunity defense.

REMANDED

_____

[2] The district court's qualified immunity discussion focuses only on the claims involving the isolation confinement and the related use of three-point restraints. As to the excessive force claims, the order denied summary judgment by concluding that there were disputed issues of material fact, but the order included no Wilson v. Layne analysis of the qualified immunity defense. Although the Defendants did not include the excessive force claims in their notice of appeal, we nonetheless conclude that it is proper for us to require the district court to re-examine the excessive force claims in the manner we have set forth above. However, in light of the procedural posture of this case, we decline the Defendants' invitation to consider the merits of the single remaining supervisory liability claim, an issue which the Defendants likewise failed to identify in their notice of appeal and to which they devote only a short footnote in their brief.

6